P3HDGroP

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4            v.                              24 Cr. 00046 (AT)

5    SANDEEP GROVER AND ABHIJEET SINGH,

6                                            Pleas
                 Defendant.
7    ------------------------------x

8
                                            New York, N.Y.
9                                           March 17, 2025
                                            2:00 p.m.
10

11   Before:

12                      HON. ANALISA TORRES,

13                                          U.S. District Judge

14                           APPEARANCES

15   MATTHEW PODOLSKY
          Acting United States Attorney for the
16        Southern District of New York
     JANE CHONG
17        Assistant United States Attorney

18   VINOO VARGHESE
          Attorney for Defendant Sandeep Grover
19

20   DENNIS LEMKE
          Attorney for Defendant Abhijeet Singh

21

22   Also Present:

23   Kenneth Hosey, Special Agent (FBI)
     Lydia Peevey, Legal Assistant (Defense)

24

25

P3HDGroP

1          THE COURT:  Good afternoon.  We're here in the matter

2     of the *United States v. Sandeep Grover and Abhijeet Singh*.

3          Would you make your appearances, please?

4          MS. CHONG:  Good afternoon, your Honor.  AUSA Jane

5     Chong for the government, joined by FBI Special Agent Kenneth

6     Hosey.

7          MR. VARGHESE:  Varghese & Associates, by Vinoo

8     Varghese for Mr. Grover, your Honor.  At counsel table with me

9     is my legal assistant, Lydia Peevey.

10          MR. LEMKE:  For Mr. Singh, Dennis Lemke, 170 Old

11     Country Road, Mineola, New York, your Honor.

12          THE COURT:  Please be seated.

13          Mr. Grover and Mr. Singh, I'm going to ask some

14     questions of you.  When I call your names, then you'll have the

15     opportunity to answer.

16          I'm told that you both wish to change your pleas and

17     to enter pleas of guilty.

18          Is that right, Mr. Grover?

19          DEFENDANT GROVER:  Yes.

20          THE COURT:  Mr. Singh?

21          DEFENDENT SINGH:  Yes, your Honor.

22          THE COURT:  Before deciding whether to accept your

23     guilty pleas, I'm going to ask you some questions.  It is very

24     important that you answer these questions honestly and

25     completely.  The purpose of these proceedings is to make sure

P3HDGroP

| | |
|---|---|
| 1 | that you understand your rights, to decide whether you're |
| 2 | pleading guilty of your own free will, and to make sure that |
| 3 | you're pleading because you are guilty and for no other reason. |
| 4 | Do you understand, Mr. Grover? |
| 5 | DEFENDANT GROVER:  Yes, your Honor. |
| 6 | THE COURT:  Mr. Singh? |
| 7 | DEFENDENT SINGH:  Yes, your Honor. |
| 8 | THE COURT:  If you don't understand any of my |
| 9 | questions, or if you want at any time to consult your lawyer, |
| 10 | please say so, because it is important that you understand |
| 11 | every question before you answer. |
| 12 | Ms. Dimenstein, please swear the defendants. |
| 13 | THE DEPUTY CLERK:  Please raise your right hand.  Both |
| 14 | of you. |
| 15 | (Defendants sworn) |
| 16 | THE COURT:  All right.  Do you understand that you're |
| 17 | now under oath, and that if you answer any of my questions |
| 18 | falsely, you may be prosecuted for perjury based on any false |
| 19 | answers? |
| 20 | Mr. Grover? |
| 21 | DEFENDANT GROVER:  Yes, I do. |
| 22 | THE COURT:  Mr. Singh? |
| 23 | DEFENDANT SINGH:  Yes, your Honor. |
| 24 | THE COURT:  Mr. Grover, how old are you? |
| 25 | DEFENDANT GROVER:  I'm 57. |

P3HDGroP

| | |
|---|---|
| 1 | THE COURT:  How far did you go in school? |
| 2 | DEFENDANT GROVER:  I did my Bachelor's, Master's, and |
| 3 | I did my chartered accountancy in India. |
| 4 | THE COURT:  What were your degrees in?  What subject |
| 5 | matter? |
| 6 | DEFENDANT GROVER:  It's in accounting. |
| 7 | THE COURT:  Where did you study? |
| 8 | DEFENDANT GROVER:  In India. |
| 9 | THE COURT:  Have you ever been treated or hospitalized |
| 10 | for mental illness? |
| 11 | DEFENDANT GROVER:  No. |
| 12 | THE COURT:  Have you ever been addicted to drugs or |
| 13 | alcohol? |
| 14 | DEFENDANT GROVER:  No. |
| 15 | THE COURT:  Are you now or have you recently been |
| 16 | under the care of any type of doctor or a psychiatrist? |
| 17 | DEFENDANT GROVER:  Dr. Riegelhaupt, yes. |
| 18 | THE COURT:  Are you being treated for a particular |
| 19 | illness? |
| 20 | DEFENDANT GROVER:  Blood pressure, cholesterol, and |
| 21 | some urine problems. |
| 22 | THE COURT:  Have you been given medication for those |
| 23 | issues? |
| 24 | DEFENDANT GROVER:  Yes. |
| 25 | THE COURT:  Are you taking the medication? |

P3HDGroP

1           DEFENDANT GROVER:  Yes.

2           THE COURT:  Does that medication in any way interfere

3    with your ability to understand what's happening in the

4    courtroom?

5           DEFENDANT GROVER:  No.

6           THE COURT:  So you've taken medicine within the last

7    24 hours?

8           DEFENDANT GROVER:  Yes, your Honor.

9           THE COURT:  Have you drunk any alcoholic beverages in

10   the last 24 hours?

11          DEFENDANT GROVER:  Yes, your Honor.

12          THE COURT:  How recently did you drink alcohol?

13          DEFENDANT GROVER:  It was last night at 9:30 p.m.

14          THE COURT:  Is that interfering in any way with your

15   ability to understand these proceedings?

16          DEFENDANT GROVER:  No.

17          THE COURT:  Is your mind clear today?

18          DEFENDANT GROVER:  Yes, your Honor.

19          THE COURT:  You understand what's happening in this

20   courtroom?

21          DEFENDANT GROVER:  Yes, your Honor.

22          THE COURT:  Mr. Varghese, have you discussed this

23   matter with your client?

24          MR. VARGHESE:  Yes, your Honor.

25          THE COURT:  Is he capable of understanding the nature

P3HDGroP

1     of these proceedings?

2              MR. VARGHESE:  Yes, your Honor.

3              THE COURT:  Does either Mr. Varghese or AUSA Chong

4     have any doubt as to Mr. Grover's competence to plead guilty at

5     this time?

6              MS. CHONG:  No, your Honor.

7              MR. VARGHESE:  No, your Honor.

8              Your Honor, would you like us to stand when we address

9     the Court?

10             THE COURT:  No.  That's fine.

11             Mr. Singh?

12             DEFENDANT SINGH:  Yes, your Honor.

13             THE COURT:  How old are you?

14             DEFENDANT SINGH:  I'm 27.

15             THE COURT:  How far did you go in school?

16             DEFENDANT SINGH:  I graduated with a Bachelor's in

17     accounting from Queens College.

18             THE COURT:  Have you ever been treated or hospitalized

19     for mental illness?

20             DEFENDANT SINGH:  No, I have not, your Honor.

21             THE COURT:  Have you ever been addicted to drugs or

22     alcohol?

23             DEFENDENT SINGH:  No, I have not, your Honor.

24             THE COURT:  Are you now or have you recently been

25     under the care of any type of doctor or psychiatrist?

P3HDGroP

```
 1              DEFENDENT SINGH:  No, your Honor.

 2              THE COURT:  Have you taken any drugs, medicine, or

 3    pills, or drunk any alcoholic beverages in the last 24 hours?

 4              DEFENDENT SINGH:  No, your Honor.

 5              THE COURT:  Is your mind clear today?

 6              DEFENDENT SINGH:  Yes, your Honor.

 7              THE COURT:  You understand what's happening in this

 8    proceeding?

 9              DEFENDENT SINGH:  Yes, your Honor.

10              THE COURT:  Mr. Lemke, have you discussed this matter

11    with your client?

12              MR. LEMKE:  I have, your Honor.

13              THE COURT:  He understands the rights that he would be

14    waiving by pleading guilty?

15              MR. LEMKE:  He does.

16              THE COURT:  He is capable of understanding the nature

17    of these proceedings?

18              MR. LEMKE:  He is, your Honor.

19              THE COURT:  Does Mr. Lemke or AUSA Chong have any

20    doubt to Mr. Singh's competence to plead at this time?

21              MR. LEMKE:  No, your Honor.

22              MS. CHONG:  No, your Honor.

23              THE COURT:  On the basis of the defendants' responses

24    to my questions, my observation of their demeanor here in

25    court, and the representations of counsel, I find that
```

P3HDGroP

1    Mr. Grover and Mr. Singh are fully competent to enter informed

2    pleas of guilty at this time.

3              Mr. Grover, have you received a copy of the indictment

4    in this case?

5              DEFENDANT GROVER:  Yes, your Honor.

6              THE COURT:  Have you read it?

7              DEFENDANT GROVER:  Yes, your Honor.

8              THE COURT:  Do you want me to read it to you now in

9    open court, or do you waive its public reading?

10             DEFENDANT GROVER:  I waive the public reading, your

11   Honor.

12             THE COURT:  Do you understand that you're charged with

13   major fraud against the United States in violation of 18,

14   United States Code, sections 1031 and Two; conspiracy to commit

15   wire fraud affecting a financial institution in violation of

16   18, United States Code, section 1349; and aggravated identity

17   theft in violation of 18, United States Code, sections

18   1028A(a)(1), 1028A(b), and Two.

19             MR. VARGHESE:  Your Honor, if I may interject, I

20   didn't -- I'm sorry.  Go ahead.

21             DEFENDANT GROVER:  Yes, your Honor.

22             THE COURT:  Mr. Singh, have you received a copy of the

23   indictment in this case?

24             DEFENDENT SINGH:  Yes, your Honor.

25             THE COURT:  Did you read it?

P3HDGroP

1              DEFENDENT SINGH:  Yes, your Honor.

2              THE COURT:  Do you want me to read it to you now in

3    open court or do you waive the public reading?

4              DEFENDENT SINGH:  I waive the public reading.

5              THE COURT:  Do you understand that you are charged

6    with conspiracy to commit wire fraud affecting a financial

7    institution in violation of 18, United States Code, section

8    1349?

9              DEFENDENT SINGH:  Yes, your Honor.

10             THE COURT:  Have you had enough time and opportunity

11   to discuss your cases with your attorneys?

12             Mr. Grover?

13             DEFENDANT GROVER:  Yes, your Honor.

14             THE COURT:  Mr. Singh?

15             DEFENDENT SINGH:  Yes, your Honor.

16             THE COURT:  Have you discussed with your attorneys the

17   charges and any possible defenses you may have to the charges?

18             Mr. Grover?

19             DEFENDANT GROVER:  Yes, your Honor.

20             THE COURT:  Mr. Singh?

21             DEFENDENT SINGH:  Yes, your Honor.

22             THE COURT:  Have you discussed with your attorneys all

23   of the facts about your involvement in this case?

24             Mr. Grover?

25             DEFENDANT GROVER:  Yes, your Honor.

P3HDGroP

| | |
|---|---|
| 1 | THE COURT:  Mr. Singh? |
| 2 | DEFENDENT SINGH:  Yes, your Honor. |
| 3 | THE COURT:  Have your attorneys told you the |
| 4 | consequences of pleading guilty? |
| 5 | Mr. Grover? |
| 6 | DEFENDANT GROVER:  Yes, your Honor. |
| 7 | THE COURT:  Mr. Singh? |
| 8 | DEFENDANT SINGH:  Yes, your Honor. |
| 9 | THE COURT:  Are you satisfied with your lawyers' |
| 10 | representation? |
| 11 | Mr. Grover? |
| 12 | DEFENDANT GROVER:  Yes, your Honor. |
| 13 | THE COURT:  Mr. Singh? |
| 14 | DEFENDANT SINGH:  Yes, your Honor. |
| 15 | THE COURT:  I am now going to explain certain |
| 16 | constitutional rights that you have.  These are rights you'll |
| 17 | be giving up if you enter guilty pleas.  Please listen |
| 18 | carefully to what I'm about to say.  If you don't understand |
| 19 | something, stop me, and your attorney or I will explain it more |
| 20 | fully. |
| 21 | Under the Constitution or laws of the United States, |
| 22 | you have the right to plead not guilty to the charges in the |
| 23 | indictment. |
| 24 | Do you understand, Mr. Grover? |
| 25 | DEFENDANT GROVER:  Yes, your Honor. |

P3HDGroP

```
1            THE COURT:  Mr. Singh?

2            DEFENDENT SINGH:  Yes, your Honor.

3            THE COURT:  If you did plead not guilty, under the

4    Constitution, you would be entitled to a speedy and public

5    trial by a jury.

6            Do you understand, Mr. Grover?

7            DEFENDANT GROVER:  Yes, your Honor.

8            THE COURT:  Mr. Singh?

9            DEFENDENT SINGH:  Yes, your Honor.

10           THE COURT:  At trial, you would be presumed to be

11   innocent, and the government would be required to prove you

12   guilty beyond a reasonable doubt before you could be found

13   guilty.  That means you would not have to prove that you were

14   innocent, and you could not be convicted unless a jury of 12

15   people agreed unanimously that you were guilty beyond a

16   reasonable doubt.

17           Do you understand, Mr. Grover?

18           DEFENDANT GROVER:  Yes, your Honor.

19           THE COURT:  Mr. Singh?

20           DEFENDENT SINGH:  Yes, your Honor.

21           THE COURT:  At trial and at every stage of your case,

22   you would be entitled to representation by your lawyer.  If you

23   could not afford a lawyer, one would be appointed at public

24   expense, free of charge.

25           Do you understand, Mr. Grover?
```

P3HDGroP

| | |
|---|---|
| 1 | DEFENDANT GROVER:  Yes, your Honor. |
| 2 | THE COURT:  Mr. Singh? |
| 3 | DEFENDANT SINGH:  Yes, your Honor. |
| 4 | THE COURT:  At trial, the witnesses for the |

prosecution would have to come to court and testify in your

presence, where you could see and hear them, and your lawyer

could cross-examine them, and if you wanted, your lawyer could

offer evidence on your behalf.  You would be able to use the

Court's power to compel witnesses to come to court to testify

in your defense even if they did not want to come.

Do you understand, Mr. Grover?

DEFENDANT GROVER:  Yes, your Honor.

THE COURT:  Mr. Singh?

DEFENDENT SINGH:  Yes, your Honor.

THE COURT:  At trial, you would have the right to

testify if you wanted to, but you would also have the right not

to testify, and if you chose not to testify, that could not be

used against you in any way.  No inference or suggestion of

guilt could be made from the fact that you did not testify.

Do you understand, Mr. Grover?

DEFENDANT GROVER:  Yes, your Honor.

THE COURT:  Mr. Singh?

DEFENDENT SINGH:  Yes, your Honor.

THE COURT:  If you were convicted at trial, you would

have the right to appeal that verdict to a higher court.

P3HDGroP

1          Do you understand, Mr. Grover?

2          DEFENDANT GROVER:  Yes, your Honor.

3          THE COURT:  Mr. Singh?

4          DEFENDANT SINGH:  Yes, your Honor.

5          THE COURT:  As I said before, you have a right to

6    plead not guilty.  Even right now, even as you sit here for the

7    purpose of entering a guilty plea you have a right to change

8    your mind, persist in your not guilty pleas, and go to trial.

9    But if you do plead guilty and I accept your plea, you will be

10   giving up your right to trial and the other rights that go with

11   it that I have just described.  If you plead guilty, there will

12   be no trial.  All that will remain to be done is to impose

13   sentence.  I will enter a judgment of guilty and sentence you

14   on the basis of your guilty plea after considering whatever

15   submissions I get from you, your lawyers, the government, as

16   well as a presentence report prepared by the probation

17   department.

18          Do you understand, Mr. Grover?

19          DEFENDANT GROVER:  Yes, your Honor.

20          THE COURT:  Mr. Singh?

21          DEFENDENT SINGH:  Yes, your Honor.

22          THE COURT:  If you plead guilty, do you understand

23   that you will also have to give up your right not to

24   incriminate yourselves, because I will ask you questions about

25   what you did in order to satisfy myself that you are indeed

P3HDGroP

1    guilty?

2           Do you understand, Mr. Grover?

3           DEFENDANT GROVER:  Yes, your Honor.

4           THE COURT:  Mr. Singh?

5           DEFENDENT SINGH:  Yes, your Honor.

6           THE COURT:  Do you understand each and every one of

7    these rights, Mr. Grover?

8           DEFENDANT GROVER:  Yes, your Honor.

9           THE COURT:  Mr. Singh?

10           DEFENDENT SINGH:  Yes, your Honor.

11           THE COURT:  Are you willing to give up your right to a

12    trial and the other rights that I've just described?

13           Mr. Grover?

14           DEFENDANT GROVER:  Yes, your Honor.

15           THE COURT:  Mr. Singh?

16           DEFENDENT SINGH:  Yes, your Honor.

17           THE COURT:  You've both said before that you have read

18    the indictment containing the charges against you.

19           Mr. Grover, I understand that you intend to plead

20    guilty to Counts One and Two; is that right?

21           DEFENDANT GROVER:  Yes, your Honor.

22           THE COURT:  Mr. Singh, I understand that you intend to

23    plead guilty to Count Two only; is that right?

24           DEFENDENT SINGH:  Yes, your Honor.

25           THE COURT:  AUSA Chong, would you state the elements

P3HDGroP

1      of the offenses in question?

2              MS. CHONG:  Yes, your Honor.

3              Count One charges the defendant, Sandeep Grover, with

4      committing major fraud against the United States in violation

5      of 18, U.S.C., 10:30.  The elements are:

6              First, the defendant knowingly used or tried to use a

7      scheme with the intent to defraud the United States or to get

8      money or property by using materially false or fraudulent

9      pretenses, representations, or promises;

10             Second, the scheme took place as part of acquiring

11     money through a grant, contract, subcontract, subsidy, loan,

12     guarantee, insurance, or other form of federal assistance;

13             Third, the value of the grant, loan, or other form of

14     federal assistance was $1 million or more.

15             Count Two charges the defendants, Sandeep Grover and

16     Abhijeet Singh, with participating in a conspiracy to commit

17     wire fraud affecting a financial institution in violation of

18     18, U.S.C., 1349, which has the following elements:

19             First, two or more persons in some way or manner

20     agreed to try to accomplish a common and unlawful plan to

21     commit a fraud crime listed in Title 18, Chapter 63;

22             Second, the defendants knew the unlawful purpose of

23     the plan and willfully joined in it.

24             For reference, the government further notes the

25     elements of the underlying fraud crime, wire fraud affecting a

P3HDGroP

1    financial institution, 18, U.S.C., 1343.  The elements are:

2            That the defendants devised a scheme to defraud or

3    obtain money by materially false or fraudulent pretenses,

4    representations, or promises;

5            Second, the defendants acted within intent to defraud;

6            Third, in advancing the scheme, the defendants

7    transmitted at least one wire in interstate commerce;

8            And, fourth, the fraud scheme affected a financial

9    institution.

10           THE COURT:  Mr. Grover, you understand that if you

11   were to go to trial, the government would have to prove all of

12   those elements of Counts One and Two beyond a reasonable doubt?

13           DEFENDANT GROVER:  Yes, your Honor.

14           THE COURT:  Mr. Singh, you understand if you were to

15   go to trial, the government would have to prove all of the

16   elements of Count Two beyond a reasonable doubt?

17           DEFENDENT SINGH:  Yes, your Honor.

18           THE COURT:  Now I'm going to tell you about the

19   maximum penalties.  The "maximum penalty" means the most that

20   could possibly be imposed.  It doesn't mean that is what you

21   necessarily will receive.  You have to understand that by

22   pleading guilty, you are exposing yourself to the possibility

23   of receiving any combination of punishments I'm about to

24   describe.

25           Do you understand, Mr. Grover?

P3HDGroP

1          DEFENDANT GROVER:  Yes, your Honor.

2          DEFENDENT SINGH:  Yes, your Honor.

3          THE COURT:  Let's start with Count One, major fraud

4    against the United States, which applies to Mr. Grover only.

5          With regard to your liberty, Mr. Grover, the maximum

6    term of imprisonment for this crime is ten years, which could

7    be followed by up to three years of supervised release.

8          Next is Count Two, conspiracy to commit wire fraud

9    affecting a financial institution, which applies to both

10   defendants.  The maximum term of imprisonment for this crime is

11   30 years, which can be followed by up to five years of

12   supervised release.

13         Mr. Grover, that means that you consent to prison for

14   a total of 40 years.

15         Do you understand?

16         DEFENDANT GROVER:  Yes, your Honor.

17         THE COURT:  Supervised release means if you were

18   sentenced to prison after you are released, you'll be subject

19   to supervision by the probation department.  There will be

20   rules of supervised release that you have to follow, and if you

21   violate those rules, you can be returned to prison without a

22   jury trial to serve additional time beyond your original

23   sentence.

24         Do you understand, Mr. Grover?

25         DEFENDANT GROVER:  Yes, your Honor.

P3HDGroP

1           THE COURT:  Mr. Singh?

2           DEFENDENT SINGH:  Yes, your Honor.

3           THE COURT:  You should also understand that parole has

4   been abolished in the federal system, and that if you are

5   sentenced to prison, you will not be released early on parole,

6   although there is limited opportunity to earn credit for good

7   behavior.

8           Do you understand, Mr. Grover?

9           DEFENDANT GROVER:  Yes, your Honor.

10          THE COURT:  Mr. Singh?

11          DEFENDANT SINGH:  Yes, your Honor.

12          THE COURT:  In addition to these restrictions on your

13  liberty, the maximum punishment for Counts One and Two also

14  include certain financial penalties.  The maximum allowable

15  fine for both counts is a million dollars, or twice the gain

16  you received from the crime, or twice the loss to any victims,

17  whichever is greater.  I'm also required to impose a mandatory

18  special assessment of a hundred dollars on each count of

19  conviction.

20          In addition, I must order restitution to any persons

21  or entities injured as a result of your criminal conduct.

22          Mr. Grover, I must order you to make restitution in

23  the amount of $3,748,458.80 to the victims of the offense as

24  charged in Counts One and Two in accordance with 18, United

25  States Code, section 3663A.

P3HDGroP

1    Mr. Singh, I must also order you to make restitution

2 in the amount of $3,748,458.80 to the victims of the events

3 charged in Count Two in accordance with 18, United States Code,

4 section 3663A.

5    The indictment also includes forfeiture allegations.

6 Mr. Grover, the government asserts that you're required to

7 forfeit to the United States, pursuant to 18, United States

8 Code, section 982(a)(2)(A), any and all property constituting

9 or derived from proceeds obtained directly or indirectly as a

10 result of committing the crimes charged in Counts One and Two,

11 including but not limited to a sum of money equal to

12 $11,881,151.50, and the following specific property:

13    One single-family residence at 2 Heathcote Court,

14 Shirley, New York, 11967;

15    And one single-family residence at 382 Cheese Hill

16 Road, Preston Hollow, New York 12469.

17    Mr. Singh, the government asserts that you are

18 required to forfeit to the United States, pursuant to 18,

19 United States Code, section 982(a)(2)(A), any and all property

20 constituting or derived from proceeds that you obtained

21 directly or indirectly as a result of committing the crime

22 charged in Count Two, including but not limited to a sum of

23 money equal to $11,881.151.50 in U.S. currency.

24    Do you understand that these are the maximum penalties

25 you face, Mr. Grover?

P3HDGroP

1          DEFENDANT GROVER:  Yes, your Honor.

2          THE COURT:  Mr. Singh?

3          MR. VARGHESE:  I'm sorry, your Honor.  The properties

4     that you mentioned, they are not in this plea agreement.

5          MS. CHONG:  Your Honor, I think I can provide some

6     clarification.  The properties the Court listed are properties

7     listed in the indictment.  However, the parties have agreed,

8     pursuant to the plea agreement, the forfeiture to amount to be

9     the 11 million and change sum that the Court just read aloud,

10    and the parties will be submitting a consent preliminary order

11    of forfeiture after this proceeding that makes that clear.

12         THE COURT:  So you're saying you're not proceeding

13    against the real property; is that correct?

14         MS. CHONG:  That's correct, your Honor.

15         THE COURT:  Okay.  So then you will not have to

16    forfeit those properties.

17         Mr. Singh, do you understand that these are the

18    maximum penalties that you face?

19         DEFENDANT SINGH:  Yes, your Honor.

20         THE COURT:  Please understand also that I am just

21    telling you about the punishments that are part of the

22    sentence.  Being convicted of a felony, even if by a plea of

23    guilty, may have other consequences.

24         Mr. Grover, are you a U.S. citizen?

25         DEFENDANT GROVER:  No, your Honor.  I'm a green card

P3HDGroP

1    holder.

2            THE COURT:  You understand that, as a result of your

3    guilty plea, your removal from the United States may be

4    mandatory, and that, at a minimum, you risk being removed or

5    suffering other immigration consequences?

6            DEFENDANT GROVER:  Yes, your Honor.

7            THE COURT:  You understand, for example, that you

8    could be denied citizenship in the future and denied admission

9    to the United States in the future?

10           DEFENDANT GROVER:  Yes, your Honor.

11           THE COURT:  Did you discuss the possible immigration

12   consequences of your plea with your lawyer?

13           DEFENDANT GROVER:  Yes, your Honor.

14           THE COURT:  Do you understand that you will be bound

15   by your guilty plea regardless of these immigration

16   consequences and regardless of any advice you have received

17   from your counsel or others regarding any immigration

18   consequences?

19           DEFENDANT GROVER:  Yes, your Honor.

20           THE COURT:  Mr. Singh, are you a U.S. citizen?

21           DEFENDENT SINGH:  Yes, your Honor.

22           THE COURT:  How did you become a U.S. citizen?

23           DEFENDENT SINGH:  I was born in the United States.

24           THE COURT:  The reason why I ask whether you are a

25   U.S. citizen is because if you were not a U.S. citizen, your

P3HDGroP

1    conviction may have consequences on your ability to remain in

2    the United States.  You will be bound by your guilty plea

3    regardless of any immigration consequences and regardless of

4    any advice you may have received from your counsel or others

5    regarding immigration consequences.

6           Mr. Singh, because you are a U.S. citizen, you may

7    lose certain valuable civil rights you may have now as a result

8    of your guilty plea, such as the right to vote, the right to

9    hold public office, the right to serve on a jury, and the right

10   to possess a firearm.

11          Do you understand?

12          DEFENDANT SINGH:  I understand, your Honor.

13          THE COURT:  In imposing sentence, federal judges are

14   required to consider recommendations of the federal sentencing

15   guidelines.  The guidelines are a complicated set of rules for

16   determining an appropriate sentence.  Judges must pay attention

17   to the sentencing guidelines in determining a sentence, but, in

18   the end, the Judge is required to give a sentence that she

19   believes best satisfies the purposes of the criminal law, even

20   if that is higher or lower than the guidelines recommendation.

21          Have you discussed the sentencing guidelines with your

22   attorney, Mr. Grover?

23          DEFENDANT GROVER:  Yes, your Honor.

24          THE COURT:  Mr. Singh?

25          DEFENDENT SINGH:  Yes, your Honor.

P3HDGroP

1          THE COURT:  Do you understand that the guidelines are

2     only recommendations to the Court, Mr. Grover?

3          DEFENDANT GROVER:  Yes, your Honor.

4          THE COURT:  Mr. Singh?

5          DEFENDENT SINGH:  Yes, your Honor.

6          THE COURT:  I understand that there are written plea

7     agreements you have signed.

8          Is that right, Mr. Grover?

9          DEFENDANT GROVER:  Yes, your Honor.

10          THE COURT:  Mr. Singh?

11          DEFENDENT SINGH:  Yes, your Honor.

12          THE COURT:  Mr. Grover, my law clerk will show you the

13     original letter plea agreement dated March 14, 2025, from

14     Assistant United States Attorney Jane Chong to your attorney,

15     Vinoo Varghese.

16          Is that your signature on the last page of the

17     agreement?

18          DEFENDANT GROVER:  Yes, your Honor.

19          THE COURT:  Did you read the agreement before you

20     signed it?

21          DEFENDANT GROVER:  Yes, your Honor.

22          THE COURT:  Did you discuss it with your lawyer before

23     you signed it?

24          DEFENDANT GROVER:  Yes, your Honor.

25          THE COURT:  Mr. Singh, my law clerk will now show you

P3HDGroP

1   the original letter plea agreement dated March 14, 2025, from

2   Assistant United States Attorney Jane Chong to your attorney,

3   Dennis Lemke.

4           Is that your signature on the last page of the

5   agreement?

6           DEFENDENT SINGH:  Yes, your Honor.

7           THE COURT:  Did you read it before you signed it?

8           DEFENDENT SINGH:  Yes, your Honor.

9           THE COURT:  Did you discuss it with your lawyer before

10  you signed it?

11          DEFENDENT SINGH:  Yes, your Honor.

12          THE COURT:  I realize these are long legal documents

13  that contain some technical legal language, but after

14  discussing these documents with your attorneys, do you

15  understand the terms of your agreement, Mr. Grover?

16          DEFENDANT GROVER:  Yes, your Honor.

17          THE COURT:  Mr. Singh?

18          DEFENDENT SINGH:  Yes, your Honor.

19          THE COURT:  It appears that you and the government

20  have agreed on the appropriate calculation in your sentence

21  under the guidelines.

22          Is that right, Mr. Grover?

23          DEFENDANT GROVER:  Yes, your Honor.

24          THE COURT:  Mr. Singh?

25          DEFENDENT SINGH:  Yes, your Honor.

P3HDGroP

```
 1              THE COURT:  Mr. Grover, your agreement is that the

 2    appropriate guidelines sentencing range for you is 121 to 151

 3    months' imprisonment, and a fine of 35 to $350,000.

 4              Mr. Singh, your agreement is that the appropriate

 5    guidelines sentencing range for you is 41 to 51 months'

 6    imprisonment, and a fine of 15 to $150,000.

 7              DEFENDANT SINGH:  Yes, your Honor.

 8              THE COURT:  That means that pursuant to your

 9    agreements, neither you nor the government are allowed to argue

10    to me for a guidelines calculation other than the ones in your

11    agreement, although you may seek sentences outside those

12    ranges.

13              Do you understand, Mr. Grover?

14              DEFENDANT GROVER:  Yes, your Honor.

15              THE COURT:  Mr. Singh?

16              DEFENDANT SINGH:  Yes, your Honor.

17              THE COURT:  You also must understand these agreements

18    do not behind me in any way.  I'm required to make my own

19    independent calculation under the sentencing guidelines, and

20    then impose a sentence based on what I believe is an

21    appropriate sentence for you both, even if those sentences are

22    different than the ones in your agreement.

23              Do you understand, Mr. Grover?

24              DEFENDANT GROVER:  Yes, your Honor.

25              THE COURT:  Mr. Singh?
```

P3HDGroP

1          DEFENDENT SINGH:  Yes, your Honor.

2          THE COURT:  I am not saying that I will come up with

3   any range different than what you agreed to with the

4   government, but if I do, I will not let you withdraw your plea

5   even if the range that I determine is higher than the one you

6   agreed to with the government.

7          Do you understand, Mr. Grover?

8          DEFENDANT GROVER:  Yes, your Honor.

9          THE COURT:  Mr. Singh?

10          DEFENDENT SINGH:  Yes, your Honor.

11          THE COURT:  Mr. Grover, you understand under your

12   agreement you are giving up the right to appeal or otherwise

13   challenge your sentence so long as I sentence you to 151 months

14   or less of imprisonment; $350,000 or less in fines;

15   $3,748,458.80 or less in restitution; and $11,881,151.50 or

16   less in forfeiture?

17          DEFENDANT GROVER:  Yes, your Honor.

18          THE COURT:  If I sentence you to more than a 151

19   months for any reason, you have the right to appeal that

20   sentence, but so long as I sentence you to 151 months or less,

21   you may not appeal this sentence under this agreement.

22          Do you understand, Mr. Grover?

23          DEFENDANT GROVER:  Yes, your Honor.

24          THE COURT:  Mr. Singh, you understand under your

25   agreement you're giving up the right to appeal or otherwise

P3HDGroP

challenge your sentence so long as I sentence you to 51 months

or less of imprisonment; impose a fine of $150,000 or less;

order restitution of $3,748,458.80 or less; and order

forfeiture of $11,881,151.50 or less?

DEFENDENT SINGH:  Yes, your Honor.

THE COURT:  If I sentence you to more than 51 months

for any reason, you have the right to appeal that sentence, but

so long as I sentence you to 51 months' imprisonment or less,

you may not appeal your sentence under this agreement.

Do you understand?

DEFENDENT SINGH:  Yes, your Honor.

THE COURT:  Do you understand that under these

agreements you are also giving up the right to withdraw your

pleas or challenge your convictions on a few specific grounds

which I am about to describe?  First, under your agreements,

you are giving up your right to withdraw your pleas or

challenge your convictions on the grounds that the government

has failed to produce the following categories of material as

of the date of signing of the agreement:

Any material that it was required to produce during

discovery;

Statements of any government witness relating to the

subject matter about which the witness would be expected to

testify;

Material that could be used to impeach or attack the

P3HDGroP

1  testimony of any government witness;

2          And material favorable to you that could cast doubt on

3  your guilt or reduce your sentence, other than information

4  establishing your factual innocence.

5          Do you understand, Mr. Grover?

6          DEFENDANT GROVER:  Yes, your Honor.

7          THE COURT:  Mr. Singh?

8          DEFENDENT SINGH:  Yes, your Honor.

9          THE COURT:  Second, under your agreements, you are

10  also giving up the right to withdraw your guilty pleas and the

11  right to challenge your convictions and sentences based upon

12  any actual or perceived adverse immigration consequences,

13  including deportation, resulting from your guilty plea and

14  conviction.

15          So, for example, if you are deported following your

16  guilty plea and conviction, or if the government later turns

17  over material that would tend to cast doubt on your guilt,

18  other than material that establishes your innocence, you will

19  not be able to withdraw your pleas or challenge your

20  convictions based on those grounds.

21          Do you understand, Mr. Grover?

22          DEFENDANT GROVER:  Yes, your Honor.

23          THE COURT:  Mr. Singh?

24          DEFENDENT SINGH:  Yes, your Honor.

25          THE COURT:  Did you willingly sign the plea agreement,

P3HDGroP

1   Mr. Grover?

2           DEFENDANT GROVER:  Yes, your Honor.

3           THE COURT:  Mr. Singh?

4           DEFENDENT SINGH:  Yes, your Honor.

5           THE COURT:  Did anyone force you or bribe you to sign

6   your agreement?

7           Mr. Grover?

8           DEFENDANT GROVER:  No, your Honor.

9           THE COURT:  Mr. Singh?

10          DEFENDENT SINGH:  No, your Honor.

11          THE COURT:  Does your written plea agreement

12  constitute your complete and total understanding of your

13  agreement with the government?

14          Mr. Grover?

15          DEFENDANT GROVER:  Yes, your Honor.

16          THE COURT:  Mr. Singh?

17          DEFENDENT SINGH:  Yes, your Honor.

18          THE COURT:  Do you understand if your attorney or

19  anyone else has attempted to predict what your sentence will

20  be, that their prediction could be wrong?

21          Mr. Grover?

22          DEFENDANT GROVER:  Yes, your Honor.

23          THE COURT:  Mr. Singh?

24          DEFENDENT SINGH:  Yes, your Honor.

25          THE COURT:  I'm asking you this because no one, not

P3HDGroP

```
 1    your attorneys or the prosecutor, not even I, can be sure now
 2    what your sentences will be, because those sentences cannot be
 3    determined until I have received the presentence report and
 4    until I have decided what is the correct calculation of the
 5    range recommended by the sentencing guidelines, and whether
 6    there is any basis for not following those guidelines.
 7             Even if your sentence is different from what you or
 8    your attorneys or anyone else has predicted, even if your
 9    sentence is different from what you expect or want, once you
10    have pleaded guilty, you will not be able to withdraw your
11    pleas.
12             Do you understand that, Mr. Grover?
13             DEFENDANT GROVER:  Yes, your Honor.
14             THE COURT:  Mr. Singh?
15             DEFENDENT SINGH:  Yes, your Honor.
16             THE COURT:  Other than what is contained in your plea
17    agreement, has anyone made any promise or offered you any
18    inducement to plead guilty?
19             Mr. Grover?
20             DEFENDANT GROVER:  No, your Honor.
21             THE COURT:  Mr. Singh?
22             DEFENDENT SINGH:  No, your Honor.
23             THE COURT:  Has anyone threatened, bribed, or forced
24    you to plead guilty?
25             Mr. Grover?
```

P3HDGroP

1              DEFENDANT GROVER:  No, your Honor.

2              THE COURT:  Mr. Singh?

3              DEFENDANT SINGH:  No, your Honor.

4              THE COURT:  Has anyone made a promise to you as to

5    what your sentence will be?

6              Mr. Grover?

7              DEFENDANT GROVER:  No, your Honor.

8              THE COURT:  Mr. Singh?

9              DEFENDENT SINGH:  No, your Honor.

10             THE COURT:  Mr. Grover, now that you've been advised

11   of the charges against you, the possible penalties you face,

12   and the rights you are giving up, is it still your intention to

13   plead guilty to Counts One and Two?

14             DEFENDANT GROVER:  Yes, your Honor.

15             THE COURT:  So, with respect to Counts One and Two of

16   the indictment, how do you plead?

17             DEFENDANT GROVER:  Guilty, your Honor.

18             THE COURT:  Tell me in your own words what you did

19   that makes you believe that you are guilty of the charges.

20             DEFENDANT GROVER:  I fraudulently prepared the tax

21   returns, payroll tax returns to get the PPP loans.

22             THE COURT:  Would you repeat that?

23             DEFENDANT GROVER:  I fraudulently prepared the payroll

24   returns to take the PPP loans.

25             THE COURT:  So when did this happen?

P3HDGroP

```
 1              DEFENDANT GROVER:  2020 and '21.
 2              THE COURT:  Did you obtain any money in connection
 3    with what you did?
 4              DEFENANT GROVER:  I'm sorry?
 5              THE COURT:  Did you get money as a result of what you
 6    did?
 7              DEFENDANT GROVER:  Yes, your Honor.
 8              THE COURT:  Did you use false or fraudulent pretenses
 9    in order to get that money?
10              DEFENDANT GROVER:  Yes, your Honor.
11              THE COURT:  These were loans?
12              DEFENDANT GROVER:  Some of them loans, some of them
13    were the grants.
14              THE COURT:  They were guaranteed by the government as
15    part of the Paycheck Protection Program?
16              DEFENDANT GROVER:  Yes, your Honor.
17              THE COURT:  Did you also submit fraudulent documents
18    to lending institutions?
19              DEFENDANT GROVER:  Yes, your Honor.
20              THE COURT:  This was for Paycheck Protection Program
21    loans?
22              DEFENDANT GROVER:  Yes, your Honor.
23              THE COURT:  You were making these submissions for
24    various businesses; is that correct?
25              DEFENDANT GROVER:  Yes, your Honor.
```

P3HDGroP

1          THE COURT:  You knew this was in violation of federal
2     law?
3          DEFENDANT GROVER:  Yes, your Honor.
4          THE COURT:  Where did this occur?
5          DEFENDANT GROVER:  My office, your Honor.
6          THE COURT:  Where was that?
7          DEFENDANT GROVER:  Beaufort, New York.
8          THE COURT:  When you did these things, you knew what
9     you were doing was wrong and illegal?
10          DEFENDANT GROVER:  Yes, your Honor.
11          THE COURT:  Mr. Singh.
12          DEFENDENT SINGH:  Yes, your Honor.
13          THE COURT:  Now that you've been advised of the
14     charges against you and the possible penalties you face and the
15     rights that you're giving up, is it still your intention to
16     plead guilty to Count Two?
17          DEFENDENT SINGH:  Yes, your Honor.
18          THE COURT:  With respect to Count Two, how do you
19     plead?
20          DEFENDENT SINGH:  I plead guilty, your Honor.
21          THE COURT:  Tell me what you did in your own words
22     that makes you believe that you're guilty of the charge.
23          DEFENDENT SINGH:  Your Honor, between early 2020 and
24     continuing up to and about June 2021, fraudulent documents were
25     prepared and submitted to financial institutions for Payroll

P3HDGroP

1   Protection Program loans, or PPP, by my co-conspirators,

2   Sandeep Grover and Shikha Sehgal.

3             I became aware of this fraudulent criminal activity in

4   late 2020.  I assisted in completing false information on loan

5   documents that were provided to Shikha Sehgal, who I know was

6   submitting the documents to lending institutions for these

7   loans, which were relied upon by lenders.

8             This criminal activity took place in the Southern

9   District of New York.  I knew it was criminal.

10             THE COURT:  You knew what you were doing was wrong,

11   correct?

12             DEFENDENT SINGH:  Yes, your Honor.

13             THE COURT:  AUSA Chong, are there any additional

14   questions that you would like me to put to either defendant?

15             MS. CHONG:  Yes, your Honor.

16             Could the Court please ask Sandeep Grover whether he

17   agreed with at least one other person to submit fraudulent PPP

18   loan applications?

19             THE COURT:  Did you agree with any other person to

20   submit fraudulent PPP applications?

21             DEFENDANT GROVER:  Yes, your Honor.

22             THE COURT:  How did you make the agreement?

23             DEFENDANT GROVER:  I agreed with Shikha and Abhijeet

24   to do those loans, and we agreed to file those applications.

25             THE COURT:  Sir, my question was how did you make the

P3HDGroP

1  agreement.  Did you send letters by U.S. Mail to each other?

2  Did you talk to each other person to person?  Did you have

3  talks on the phone, text messages?  How did you make the

4  agreement?

5          DEFENDANT GROVER:  Talk on the phone, and text, also.

6          THE COURT:  Anything further?

7          MS. CHONG:  Yes, your Honor.

8          Would the Court please ask defendant Abhijeet Singh if

9  he sent any emails or texts relating to the scheme to his

10  co-conspirators?

11          THE COURT:  Did you send, Mr. Singh, any emails

12  related to this scheme to your co-conspirators?

13          DEFENDANT SINGH:  Yes, your Honor.

14          THE COURT:  How did you make your agreements?

15          DEFENDENT SINGH:  Verbally, in person.

16          THE COURT:  In person?

17          DEFENDENT SINGH:  In person, your Honor.  My

18  apologies.

19          THE COURT:  Anything further, AUSA Chong?

20          MS. CHONG:  No, your Honor.

21          THE COURT:  Would you summarize what the government's

22  evidence would be if the defendants were to go to trial?

23          MS. CHONG:  Your Honor, if the parties were to proceed

24  to trial, the government's evidence would include the

25  following:

P3HDGroP

1          Dozens of Paycheck Protection Program, or PPP, loan

2    applications submitted on behalf of companies purportedly owned

3    by the defendant Sandeep Grover or one of his clients

4    containing false employee and payroll information and

5    accompanied by fraudulent tax forms prepared by Mr. Grover's

6    company, Excellent Business Services, as well as fabricated

7    bank statements.  A portion of the loan applications contain

8    defendant Abhijeet Singh's contact information, such as his

9    residential address, or his cell phone number; and a portion of

10   the applications contained defendant Mr. Grover's contact

11   information and signature, and were submitted under

12   Mr. Grover's name.

13         Testimony from the New York Department of Labor and

14   the Social Security Administration attesting that most of the

15   companies for which loan applications were submitted reported

16   no employees or payroll information to the New York Department

17   of Labor or the Social Security Administration during the

18   relevant time period.

19         Hundreds of bank statements showing loan disbursements

20   totaling more than $11.8 million made by the Small Business

21   Administration to the companies for which the defendants

22   obtained PPP loans.  These bank statements showed that these

23   funds were often immediately transferred into other bank

24   accounts controlled by Mr. Grover and used for impermissible

25   purposes, such as buying properties.

P3HDGroP

1          Other evidence includes copies of checks used to move

2     loan money between Mr. Grover's company accounts and his

3     client's accounts bearing memo lines designed to obscure the

4     nature and source of the payments.

5          Evidence also includes text messages and emails that

6     show Mr. Grover's Excellent Business Services email was used to

7     instruct a co-conspirator on which companies to create false

8     documents for.

9          The government would also expect to present testimony

10    from witnesses on whose companies' behalf the defendant

11    submitted fraudulent PPP loan documents; testimony from a

12    Google custodian regarding the location of email servers

13    outside of New York; and testimony from Citibank

14    representatives regarding the movement of PPP funds from

15    Citibank, Citibank sub-ledger, to disbursement bank accounts.

16         The government can also proffer as to venue that at

17    least one co-conspirator prepared fraudulent documentation from

18    Putnam County, which is located in the Southern District of New

19    York.

20         THE COURT:  That applies to both of the defendants?

21         MS. CHONG:  Yes, your Honor.  It's as to the same

22    conspiracy charged against both defendants.

23         THE COURT:  Do all of the attorneys agree that there

24    is a sufficient factual predicate for a guilty plea?

25         AUSA Chong?

P3HDGroP

1            MS. CHONG:  Yes, your Honor.

2            THE COURT:  Mr. Varghese?

3            MR. VARGHESE:  Yes, your Honor.

4            THE COURT:  Mr. Lemke?

5            MR. LEMKE:  Yes, your Honor.

6            THE COURT:  Mr. Varghese, do you know of any valid

7    defense that would prevail at trial?

8            MR. VARGHESE:  No, your Honor.

9            THE COURT:  Mr. Lemke?

10           MR. LEMKE:  No, your Honor.

11           THE COURT:  Do you know of any reason that I should

12   not accept both defendants' pleas of guilty?

13           AUSA Chong?

14           MS. CHONG:  No, your Honor.

15           THE COURT:  Mr. Varghese?

16           MR. VARGHESE:  No, your Honor.

17           THE COURT:  Mr. Lemke?

18           MR. LEMKE:  No, your Honor.

19           THE COURT:  Mr. Grover and Mr. Singh, because you both

20   acknowledged that you are, in fact, guilty as charged in the

21   indictment, because I'm satisfied that you both know of your

22   rights, including your right to go to trial, and that you're

23   both aware of the consequences of your pleas, including the

24   sentences that may be imposed, and because I find that you are

25   both knowingly and voluntarily pleading guilty, I accept your

P3HDGroP

1    guilty pleas.

2            Mr. Grover, I enter a judgment of guilty on Counts One

3    and Two of the indictment.

4            Mr. Singh, I enter a judgment of guilty on Count Two

5    of the indictment.

6            The Probation Department will want to interview you

7    both in connection with the presentence report that it will

8    prepare for each of you.

9            Does defense counsel wish to be present for any

10    interview in connection with the report?

11            Mr. Varghese?

12            MR. VARGHESE:  I'll discuss that.  I may be present,

13    but I would discuss that, or another attorney working for me,

14    your Honor.

15            THE COURT:  So some attorney will be present; is that

16    correct?

17            MR. VARGHESE:  Yes.

18            THE COURT:  Mr. Lemke?

19            MR. LEMKE:  Yes.  Absolutely.

20            THE COURT:  In that case, I will order that there be

21    no interview unless counsel is present.

22            Mr. Grover or Mr. Singh, if you choose to speak to the

23    Probation Department, make sure anything you say is truthful

24    and accurate.  I will read the reports carefully.  They are

25    important to me to decide what sentences to impose.

P3HDGroP

```
1            You and your counsel have a right to examine your
2   report and to comment on it at the time of sentencing.  I urge
3   you to read your report and discuss it with your attorney.  If
4   there are any mistakes in it, point them out to your attorney
5   so that your attorney can bring them to my attention.
6            Sentencing for both defendants is set for July 7 at
7   2:00 p.m.
8            The government shall provide the probation officer
9   with its factual statement within seven days.
10           Defense counsel must arrange for the defendants to be
11  interviewed by the Probation Department within the next two
12  weeks.
13           Defense submissions due by June 23.  The government
14  submissions are due by June 30.
15           Is there any objection to continuing the present bail
16  conditions for Mr. Grover?
17           MS. CHONG:  No, your Honor.
18           THE COURT:  For Mr. Singh?
19           MS. CHONG:  No, your Honor.
20           THE COURT:  Do the lawyers have any reason to believe
21  that Mr. Grover or Mr. Singh is likely to flee or poses a
22  danger to the safety of any other person or the community if
23  released?
24           Mr. Varghese?
25           MR. VARGHESE:  No, your Honor.
```

P3HDGroP

1          THE COURT:  Mr. Lemke?

2          MR. LEMKE:  No, your Honor.

3          THE COURT:  I find by clear and convincing evidence

4   defendants are not likely to flee or pose danger to the safety

5   of any other person or the community if released.

6          Mr. Grover and Mr. Singh, all of the conditions on

7   which you were released up to now continue to apply, and a

8   violation of any of those conditions can have serious

9   consequences, including revocation of bail, and prosecution for

10  bail jumping.

11          Do you understand, Mr. Grover?

12          DEFENDANT GROVER:  Yes, your Honor.

13          THE COURT:  Mr. Singh?

14          DEFENDENT SINGH:  Yes, your Honor.

15          THE COURT:  Are there any further applications from

16  either side?

17          MS. CHONG:  None from the government, your Honor.

18          MR. VARGHESE:  No, your Honor.

19          MR. LEMKE:  Not on behalf of Mr. Singh, your Honor,

20  no.  Thank you.

21          THE COURT:  The matter is adjourned.

22          (Adjourned)

23

24

25